# IN THE COURT OF APPEALS OF IOWA

No. 24-1580
Filed May 21, 2025

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**RUSLAN NEGRUTA,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Boone County, John R. Flynn, Judge.

A defendant appeals his conviction and sentence for ongoing criminal conduct. **AFFIRMED.**

Raya Dimitrova of Carr Law Firm, P.L.C., Des Moines, for appellant.

Brenna Bird, Attorney General, and Anagha Dixit, Assistant Attorney General, for appellee.

Considered without oral argument by Tabor, C.J., and Ahlers and Langholz, JJ.

**LANGHOLZ, Judge.**

Ruslan Negruta pleaded guilty to ongoing criminal conduct, specified unlawful activity—a class "B" felony—for his role in a sophisticated scheme to steal credit- and debit-card information with skimming devices and hidden cameras on ATMs and use the information for financial gain. *See* Iowa Code §§ 706A.1(5), 706A.2(4), 706A.4 (2023). The district court imposed an indeterminate twenty-five-year prison sentence. And Negruta now appeals, arguing that his guilty plea was not knowing and voluntary and that the court abused its discretion in selecting a prison sentence rather than probation. But Negruta's guilty-plea challenge is not preserved for our review because he failed to file a motion in arrest of judgment after being properly advised that he would need to do so in order to challenge his plea on appeal. And the district court did not abuse its discretion in selecting the sentence. We thus affirm Negruta's conviction and sentence.

## I.    Guilty Plea

"A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal." Iowa R. Crim. P. 2.24(3)(a)(2). But this rule only applies if the district court adequately advised the defendant during the guilty plea proceeding that plea challenges must be made in such a motion and that the failure to timely do so before sentencing precludes challenging the plea on appeal. *See State v. Hightower*, 8 N.W.3d 527, 535 (Iowa 2024). Here, Negruta failed to file a motion in arrest of judgment. And during his guilty plea proceeding, the district court gave Negruta the proper advisory of the need to file the motion and the consequences on appeal of failing to do so.

Negruta does not dispute the adequacy of the content of that advisory. But he contends that it was still "insufficient under the circumstance" because English is not Negruta's first language and even with an interpreter, Negruta "was still confused and uncertain regarding aspects of the hearing." But the record lacks any support for Negruta's suggestion that he did not understand the advisory. For starters, he had a remote Romanian-language interpreter throughout the guilty plea proceeding. True, the interpreter had difficulty hearing Negruta when he was speaking because of technical difficulties with the connection. But the interpreter had no trouble hearing the district judge and Negruta had no trouble hearing the interpreter. What's more, Negruta explained that he could understand most English even without an interpreter—he only needed some help when speaking. And when he did not understand or hear something said, he had no issue saying so. Yet he expressed no concern when questioned throughout the proceeding or after the court advised him of the need to file a motion in arrest of judgment. And so, because Negruta failed to file a motion in arrest of judgment after being adequately advised of the consequences of not doing so, we are precluded from considering Negruta's guilty-plea challenge. *See* Iowa R. Crim. P. 2.24(3)(a)(2).

## II. Sentence

Negruta next challenges his sentence, arguing that the court abused its discretion by considering only the nature of the offense and overlooking mitigating circumstances. According to Negruta, properly factoring in the ten months he spent in custody while his case was pending and his need to financially support his children, the court should have sentenced him to probation rather than an indeterminate twenty-five-year prison term.

We review a district court's discretionary sentencing decisions for an abuse of discretion. *See State v. Gordon*, 998 N.W.2d 859, 862 (Iowa 2023). This deferential standard of review recognizes that the court's decision "to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). And "our task on appeal is not to second guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds." *Id.* at 725.

When selecting an appropriate sentence, the court must decide what "will provide maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant and others." Iowa Code § 901.5. To do so, "the court must consider the nature of the offense, the attending circumstances, the age, character and propensity of the offender, and the chances of reform." *Gordon*, 998 N.W.2d at 862 (cleaned up). A court cannot rely on only a single factor. *See State v. Dvorsky*, 322 N.W.2d 62, 67 (Iowa 1982) (reversing manslaughter sentence when court gave only one reason—that the defendant caused "the loss of life"). But placing "considerable emphasis" on a particular factor at sentencing is not an abuse of discretion so long as the court also "considered other factors pertinent to sentencing." *State v. Leckington*, 713 N.W.2d 208, 216–17 (Iowa 2006).

Here, the district court did not rely on only the nature of the offense as Negruta claims. The court explained:

> In considering your sentence here today, I've considered specifically your age. You're 39 years old. I've considered your prior criminal history, your family circumstances as set forth in the PSI, the nature of the offense committed, and the harm to the victims here out of this Boone County case. I've considered the elaborate and sophisticated

> nature of this financial crime. I've considered the need to protect the community and the need to deter you and others similarly situated from committing offenses like this in the future. I've considered your statement that you made to the court earlier here today; and I've considered the recommendations from the prosecutor, your attorney, and from the PSI.

Negruta's attorney's recommendation—which the court expressly considered—relied on Negruta's ten months of custody that he now urges the court did not factor in. And the PSI and "family circumstances" included his child-support obligations for his children in another country that he also urges should have been considered.

The court noted too that "everyone agrees that the Immigration and Customs Enforcement agency otherwise known as ICE has a hold on you in this case," and Negruta had not shown "that probation would be workable and proper for a foreign national being deported to his home country" of Moldova. And so, the court reasoned that "it's very difficult to see how probation can be effectively implemented in your case when it's likely that you will be deported." *See State v. Avalos Valdez*, 934 N.W.2d 585, 594–95 (Iowa 2019) (affirming district court's consideration of future deportation in assessing the workability of probation).

Because the court expressly weighed all these considerations before finding "that prison is appropriate in this case," Negruta's argument that it solely relied on a single factor is without merit. We understand that Negruta disagrees with the court's weighing of the sentencing factors and the particular sentence selected—but that is not enough to show an abuse of discretion on appeal. *See Gordon*, 998 N.W.2d at 863 ("The test for whether a sentencing court abused its discretion is not whether we might have weighed the various factors differently."). And we see nothing unreasonable or untenable in the district court's reasoning.

Bottom line, the district court did not abuse its discretion in sentencing Negruta to an indeterminate twenty-five-year prison sentence.  We thus affirm.

**AFFIRMED.**